IN THE UNITED STATES DISTRICT COURT FOR MARYLAND

| | |
|---|---|
| THERESA HAMMONDS<br>1815 Hillwood Court<br>Severn, Maryland 21144 | *<br>*<br>*<br>* |
| Plaintiff,<br>v. | *<br>*<br>* CASE NUMBER:<br>* |
| ANNE ARUNDEL COUNTY,<br>MARYLAND<br>Anne Arundel County Office of Law<br>2660 Riva Road, 4th Floor<br>Annapolis, Maryland 21401 | *<br>*<br>*<br>*<br>*<br>* |
| and, | *<br>* |
| OFFICER MICHAEL SMITH<br>Anne Arundel County Office of Law<br>2660 Riva Road, 4th Floor<br>Annapolis, Maryland 21401<br>*In his Individual Capacity* | *<br>*<br>*<br>*<br>*<br>* |
| and, | *<br>* |
| OFFICER B. RANCK<br>Anne Arundel County Office of Law<br>2660 Riva Road, 4th Floor<br>Annapolis, Maryland 21401<br>*In his Individual Capacity* | *<br>*<br>*<br>*<br>*<br>* |
| Defendants. | *<br>* |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiff, Theresa Hammonds by and through her attorney, Breon L.

Johnson, and The Law Office of Breon L. Johnson, LLC, and pursuant to Federal Rules of Civil

Procedure 7 and 8, files this Complaint against Defendants Anne Arundel County, Maryland; Officer

Michael Smith, in his individual capacity; and, Officer B Ranck, in his individual capacity, and as grounds

1

respectfully represents unto this Honorable Court:

## Introduction

1.     That Plaintiff is a Maryland Resident whose civil rights were violated by the above named police officers and the Anne Arundel County Police Department ("Department"). Specifically, the above-named officers, while using excessive force, arrested the Plaintiff without probable cause and filed a materially misleading Application for Statement of Charges causing the maliciously prosecution of the Plaintiff on false criminal charges.

2.     That this is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendment of the United States Constitution, and under the laws of the State of Maryland, against Defendants Anne Arundel County, Maryland; Officer Micheal Smith, in his individual capacity; and, Officer B Ranck, in his individual capacity.

## Jurisdiction & Venue

3.     That the Plaintiff realleges and incorporates herein by reference all of the allegations contained in the preceding paragraphs.

4.     That this Honorable Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over the subject matter of this case arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.     That this Honorable Court has supplemental jurisdiction over the subject matter of this case under the Maryland state law pursuant to 28 U.S.C. §1367.

6.     That venue properly lies in this judicial district and with this Honorable Court because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Anne Arundel County, Maryland.

2

7.     That pursuant to the provisions of 28 U.S.C. § 1391, venue properly lies in this judicial district and with this Honorable Court as all Defendants reside in this judicial district and substantially all of the events or omissions giving rise to the claims herein occurred in this judicial district.

## The Parties

8.     That the Plaintiff realleges and incorporates herein by reference all of the allegations contained in the preceding paragraphs.

9.     That Plaintiff is a citizen and resident of the State of Maryland; Plaintiff has been a resident of Anne Arundel County for more than one (1) year preceding the commencement of this action.

10.    That Defendant Officer Michael Smith ("Officer Smith") was, at all relevant times, a sworn officer of the Department.

11.    That Defendant Officer B. Ranck ("Officer Ranck") was, at all relevant times, a sworn officer of the Department.

## Administrative Prerequisites

12.    That the Plaintiff realleges and incorporates herein by reference all of the allegations contained in the preceding paragraphs.

13.    That on February 8, 2018, a Notice of Claim on behalf of the Plaintiff was mailed *via* Certified Mail to Nancy mcCutchan Duden, County Attorney for Anne Arundel County, Maryland. A copy of said Notice of Claim is attached hereto as Exhibit A.

14.    That on February 28, 2018, the Anne Arundel County Office of Law responded confirming their receipt of the Plaintiff's Notice of Claim Form and stating that they would forward a copy of the Notice of Claim Form to the Risk Management Division of the Anne Arundel County, Maryland Office of Central Services. A copy of the confirmation is attached hereto as Exhibit B.

3

15.   That on July 3, 2018, the Risk Management Division of the Anne Arundel County, Maryland Office of Central Services denied liability on behalf of Anne Arundel County, Maryland. A copy of the denial is attached hereto as Exhibit C.

16.   That Anne Arundel County, Maryland has denied the Plaintiff's claim and more than 180 days have elapsed since the Plaintiff made her claim. The instant action is ripe for the filing of the instant Complaint.

<strong><u>Factual Allegations Common to All Counts</u></strong>

17.   That the Plaintiff realleges and incorporates herein by reference all of the allegations contained in the preceding paragraphs.

18.   That Plaintiff has been a resident of Anne Arundel County, Maryland since 1999. She raised her son and daughter at 1815 Hillwood Court, Severn, Maryland as a single mother.

19.   That when Plaintiff's son reached the age of 14, in or around 2014, the Plaintiff began noticing behavioral issues that required contacting the Department, on an emergency and non-emergency basis, numerous times between 2014 and 2017 regarding her son.

20.   That multiple members of the Department have responded as a result of the Plaintiff's multitude of requests for assistance. As a result of the Plaintiff's multiple requests for assistance and the Department's response to her address, the Department was on notice of the issues at the Plaintiff's residence regarding the Plaintiff's son.

21.   That each and every time the Department responded to the Plaintiff's residence, they noted the then complained of incident involving the Plaintiff's son and left.

22.   That the Department was aware of multiple illegal acts committed by the Plaintiff's son, a juvenile, including assault, malicious destruction of property, and various other potential crimes. The

Department's officers on multiple occasions abused their discretion in failing to take any action against the Plaintiff's son; emboldening him and weakening the Plaintiff's parental position.

23.   That Plaintiff became increasingly fearful for the safety of both her person and her property. Plaintiff was well aware that the Department would not protect her from her son. As a result, Plaintiff began arming herself with a lamp pole to protect herself due to her reasonable fear of her son. The lamp pole was part of a lamp that Plaintiff's son had previously broken. The lamp pole had been observed on multiple occasions by other member's of the Department when responding to the Plaintiff's Residence. In fact, one member of the Department advised the Plaintiff that the pole was not big enough.

24.   That on the morning of  February 16, 2017, Plaintiff and her son were involved in another dispute regarding her son's attendance at school. Plaintiff again requested the Department's assistance. Officer Smith and an unknown officer responded to the Plaintiff's residence on February 16, 2017.

25.   That Officer Smith had a conversation with the Plaintiff's son, chastised the Plaintiff, and transported the Plaintiff's son to school.

26.   That later that afternoon, the Plaintiff changed the locks to the doors of her residence due to escalated fear for her safety.

27.   That while the locksmith was changing the locks, Plaintiff's son returned home, was allowed entry into the residence and observed that the locks were being changed.

28.   That Plaintiff's son became increasingly upset and began an argument with the Plaintiff. That Plaintiff's cousin was present during the course of this dispute between the Plaintiff and her son.

29.   That Plaintiff's son spit in her face and a minor physical confrontation ensued in front of the Plaintiff's cousin

5

30.  That the Plaintiff left the room.

31.  That while the Plaintiff was out of the room the Plaintiff's son broke a glass, purposefully, injuring himself with a minor cut that was bleeding. Plaintiff's son then proceeded to smear blood on the walls. This was all done in front of the Plaintiff's cousin, a third-party eye witness.

32.  That the Plaintiff's son then exited the residence and phoned 911.

33.  That a short time later the Department responded with approximately 12 police cruisers, a fire engine, and an ambulance. Plaintiff later learned that her son claimed he was being stabbed.

34.  That prior to going up to the Plaintiff's residence, Officers Smith and Ranck had the opportunity to have a lengthy conversation with Plaintiff's son to assess the situation, and verify the Plaintiff's son's statements in his 911 call.

35.  That the Officers knew that the Plaintiff's son had not been stabbed as he had asserted. The Officers also knew that the Plaintiff was inside her residence with her cousin without dangerous weapons.

36.  That Officer Ranck still armed himself with a non-lethal beanbag gun, which looks like an actual shotgun. He and Officer Smith then approached the front door of the Plaintiff's residence.

37.  That at least Officer Smith was familiar with the Plaintiff's residence as he had just been there that morning regarding the earlier confrontation between Plaintiff and her son.

38.  That Officer Ranck was familiar with the Plaintiff's residence as Officer Smith and other officers of the Department had informed him of the previous occurences at the Plaintiff's Residence.

39.  That both, Officers Smith and Ranck, were made aware of the actual circumstances of the incident during their conversation with the Plaintiff's son prior to approaching the Plaintiff's residence.

## Count I – False Arrest

40.    That the Plaintiffs realleges and incorporated by reference all of the allegations contained in the preceding paragraphs.

41.    That after speaking with the Plaintiff's son, Officers Smith and Ranck approached the residence with an intent to arrest the Plaintiff without probable cause.

42.    That  Plaintiff heard a loud bang at the front door. The Plaintiff's son was known to kick in and/or ram through that same front door.

43.    That the Plaintiff approached the door with the aforementioned lamp pole that she typically armed herself with for safety. The Plaintiff was fearful that her son was attempting to reenter the residence.

44.    That the Plaintiff heard another set of loud banging at the door and this time heard a voice on the other side and realized that it was not her son.

45.    That Plaintiff opened the front door leaving the screen door between her and Officers Smith and Ranck.

46.    That the Officers then instructed that the Plaintiff exit the residence, which she did with the pole in her hand.

47.    That the Officers then instructed the Plaintiff to drop the pole, which she did.

48.    That Officers then ordered the Plaintiff to her knees on her front patio, which she did.

49.    That once Plaintiff was on her knees, the Officers proceeded to handcuff her and place her face down on her patio, aggressively, and without the Officer's being reasonably concerned for the safety of themselves or others.

7

50.   That the Plaintiff was not free to leave while on her front porch and was forced to comply with the Officers continued instructions due to the Officers' threat of using additional force.

51.   That the Plaintiff did not consent to her confinement or the restriction of her liberty.

52.   That based upon the brief investigation that had already occurred and evidence that was available to the Officer neither Officer Smith nor Office Ranck reasonably assessed probable cause or was otherwise justified in their conduct. In fact, the Officers did not even speak with the available third-party eye witness to the entire occurrence before arresting the Plaintiff and transporting her to the Department.

## Count II - Battery

53.   That the Plaintiffs reallege and incorporate herein by reference all of the allegations contained in the preceding paragraphs.

54.   That the Officers unjustifiably acted in a manner that caused harmful contact with the Plaintiff during their unlawful arrest of her.

55.   That the Officer possessed an unjustified intent or desire to confine and restrict the Plaintiff.

56.   That in the course of this restriction they did harmfully and intentionally touch the body of the Plaintiff in a manner that caused harm as described below and that was offensive to the Plaintiff.

57.   That the Plaintiff was injured as a result of the unpermitted touching and is now stricken with physical and psychological ailment as a result.

58.   The actions of Defendants deprived Plaintiff of rights and privileges secured and protected by the United States Constitution, specifically the Fourth Amendment right to be free from excessive use of force against a Plaintiff's person during the course of an arrest, freedom from unreasonable searches and seizures,

8

freedom from a deprivation of life and liberty without due process of law, and freedom from summary punishment.

### Count III – False Imprisonment

59.   That the Plaintiffs reallege and incorporate herein by reference all of the allegations contained in the preceding paragraphs.

60.   That after the incident the Plaintiff was transported to the Anne Arundel County Police Department on Telegraph Road (the "Precinct").

61.   That Plaintiff was aware of her confinement at the Precinct and her confinement was complete and definite to her knowledge while at the Precinct.

62.   That Plaintiff's liberty had been curtailed.

63.   That Plaintiff was required to go where she did not desire to go and was required to remain where she did not desire to stay.

64.   That Plaintiff did not consent to this confinement.

### Count IV – Malicious Prosecution

65.   That the Plaintiffs reallege and incorporate herein by reference all of the allegations contained in the preceding paragraphs.

66.   That while at the Precinct, Officer Smith provided the Plaintiff with a copy of his statement of charges. A copy of Officers Smith's statement of charges is attached hereto as Exhibit D.

67.   That Officer Smith charged the Plaintiff with assault in the second degree and reckless endangerment.

68.   That despite the information known to Officer Smith and Officer Ranck prior to their arrest of the Plaintiff, and after the arrest of the Plaintiff from the Third-Party Witness, Officer Smith and Ranck produced police reports that were misleading or crafted in a manner to produce probable cause where none existed.

69.   That Officer Smith and Ranck forwarded those charges to the States Attorney's Office for criminal prosecution.

70.   That the charges brought against the Plaintiff did terminate in the Plaintiff's favor as the case was dismissed.

71.   That Officer Smith's and Officer Ranck's charges were without probable cause. Officers Smith and Ranck instituted these proceedings against the Plaintiff not for the purposes of administering justice, but for the sole purpose of covering their mistake in arresting the Plaintiff without probable cause.

**Count V – Deprivation of Civil Rights**
**(42 U.S.C. § 1983)**

72.   That the Plaintiffs reallege and incorporate herein by reference all of the allegations contained in the preceding paragraphs.

73.   That Officer Smith and Ranck were acting under the color of the authority vested in them by the Department on February 16, 2017 when they failed to properly assess the situation at the Plaintiff's residence, arrested her without probable cause, searched the Plaintiff's residence without consent or warrant, and when they unreasonably failed to appropriately credit the testimony of the Third-Party eye witness to the occurences of the date.

74.    That the Officers soon after arriving learned of the inaccuracy of the allegations of the 911 caller that prompted their response. The Officer's learned this from the 911 caller and alleged victim, the Plaintiff's Son.

75.    That Officer Smith and Ranck decided to arm themselves despite the knowledge that no threat existed at the residence.

76.    That when the Plaintiff responded to the front door, Officer Smith and Ranck arrested and detained the Plaintiff without any probable cause. The Officers' conduct in arresting the Plaintiff was a violation of the Constitution, which prohibits unreasonable search and seizures.

77.    That during the course of the Officers' unlawful arrest, the Plaintiff was forced to the ground by a full-grown man, who used his knee to keep her 145-pound frame pinned to the ground.

78.    That the Officers' conduct violated the Fourth Amendment by arresting the Plaintiff without a reasonable basis for probable cause and by using excessive force used in their unlawful arrest.

79.    That Officer Smith and Ranck failed to speak with the available Third-Party witness to the occurrence of the date. Such failure was inconsistent with the Officer's duty to conduct a reasonable investigation of the circumstances prior to taking an official act under color of law. A reasonable officer who had spoken with the Third-Party eye witness would have known that Plaintiff should not have been arrested and that any arrest of the Plaintiff was unconstitutional under well established legal precedent.

80.    That after transporting the Plaintiff, Officer Smith and Ranck and other officers of the Department conducted an unconstitutional search of the Plaintiff's home.

81.   That the Plaintiff was not there to consent to the search as the Officers had previously unlawfully arrested her. Furthermore, the Officers possessed no probable cause, no search warrant, or exigent circumstances to justify their search of the home.

82.   That the Officers and the Department conduct in searching the Plaintiff's residence subsequent to her arrest was in violation of her constitutional right to be free from unreasonable searches of her residence.

### Count VI – Deprivation of Civil Rights

83.   That the Plaintiffs reallege and incorporate herein by reference all of the allegations contained in the preceding paragraphs.

84.   That the Department is responsible for the hiring, retention, and training of its police officers. They negligently hired and retained Officer Smith and Ranck. They failed to train them in dealing with domestic disputes, appropriately.

85.   That the Department has failed to implement appropriate policies and procedures to ensure that officers are appropriately trained in assessing probable cause to make an arrest or search the personal property of a citizen.

86.   That the Departments failure to have and/or enforce the above referenced policies and procedures poses as and creates unnecessary risk to the public at large of infringement upon constitutional guaranteed protections.

**WHEREFORE**, Plaintiffs request that Defendants be cited to appear in this action, and that after trial by jury, a judgment be entered grating Plaintiffs the following relief:

   a.   Actual damages according to proof;

   b.   Punitive damages according to proof;

   c.   Mental anguish damages according to proof;

d.  Pre-judgment and post-judgement interest at the legal rate;

e.  Reasonable attorney's fees and costs of court; and

f.  Such other and further relief, to which Plaintiff is justly entitled.

Respectfully,

_/s/ Breon L. Johnson_____

Breon Lamar Johnson
The Law Office of Breon L. Johnson
P.O. Box 72158
Rosedale, Maryland 21237
main@bljohnsonlegal.com
443-710-7474/telephone
443-836-0793/facsimile
Counsel to Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury on all counts to which she is entitled to a trial by jury.

_/s/ Breon L. Johnson_____

Breon L. Johnson
The Law Office of Breon L. Johnson
P.O. Box 72158
Rosedale, Maryland 21237
main@bljohnsonlegal.com
443-710-7474/telephone
443-836-0793/facsimile
Counsel to Plaintiff